OPINION. Van Fossan, Judge: The case before us presents the question of whether the income from an alleged partnership between husband and wife is properly taxable to the husband or may be divided between them. In Commissioner v. Tower, 327 U. S. 280, the Supreme Court stated: * * * A partnership is generally said to be coated when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses. When the existence of an alleged partnership arrangement is challenged by outsiders, the question arises whether the partners really and truly intended to join together for the purpose of carrying on business and sharing in the profits or losses or both. And their intention in this respect is a question of fact, to be determined from testimony disclosed by their “agreement, considered as a whole, and by their conduct in execution of its provisions.” (Drennen v. London Assurance Co., 113 U. S. 51, 56; Cox v. Hickman, 8 H. L. Cas., 268). We see no reason why this general rule should not apply in tax cases where the Government challenges the existence of a partnership for tax purposes. * * * In the instant case it will not be gainsaid that Mrs. Canfield contributed $4,900 out of $17,443.49 stated to be the net worth of the company as of October 10, 1941, when they purportedly formed a partnership. It is likewise clear that she did not contribute substantially to the control and management of the business nor otherwise perform vital additional services. Commissioner v. Tower, supra. Though capital was an essential factor, the income earned by the business was undoubtedly principally due to personal services. The contract of partnership made no mention of capital contributions or of services to be rendered by the parties. The execution of the agreement made no change in the management or operation of the business. The parties knew that the contract of partnership was ineffective under the law of Michigan. Viewed in the light of the many recent decisions bearing on the subject of family partnerships, we are unable to find that the parties intended to create a bona fide partnership. Rather, we incline to the view that the agreement between the parties resulted in a business arrangement in which the parties should be taxed in proportion to their respective contributions to capital and services. Since exact measurement of the amount of income attributable to either capital or services by either party is impossible, a practical approach to the problem is required. It will be recognized that the income was chiefly due to petitioner’s services. It is also true, however, that the wife contributed some capital to the enterprise. Accordingly, we are of the opinion that a reasonable allocation of income between the two parties is called for. We hold that the petitioner earned, and was taxable on, 80 per cent of the income of the business beginning October 10, 1941. His wife is taxable on the remaining 20 per cent, beginning the same date. See Max German, 2 T. C. 474, and Champlin v. Commissioner, 71 Fed. (2d) 23. A minor issue is the propriety of imposing a negligence penalty. In his notice of deficiency the respondent did not specify the ground on which he imposed the penalty, but in his opening statement his counsel explained that the respondent’s action was based on “an omission to record on the books certain items of finance company rebate which, * * * when finally reported, did not correspond to the correct amounts.” However, it was stipulated that such an account appeared on the books of Canfield Motor Sales, captioned “Reserves,” in which rebates of $3,623.24 from the finance company were recorded. The correct amount of such rebates was $3,827.17, or $203.93 more than the recorded amount. It is obvious that this minor discrepancy resulted from a clerical error. There is no evidence or indication of intentional disregard of rules and regulations, or of negligence. The rebates themselves, which apparently the Commissioner determined were unrecorded, were found in the “Reserve” account and, with the exception of $203.93, were included in the partnership’s return of income. We see nothing in the record to warrant the imposition of the negligence penalty for either taxable year. Decision will be entered under Rule 50.